UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM BANK, F.S.B.,

    Plaintiff,

v.

MICHAEL A. SLOAN,

    Defendant.
                                      /

Case No. 11-cv-10385

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT** (docket no. 10)

    This is an action for breach of contract. The clerk entered a default against defendant Michael Sloan after he failed to appear in this action after being personally served with the complaint and summons. Plaintiff State Farm Bank, F.S.B. ("State Farm") now seeks a judgment by default against Sloan and an award of attorneys fees and costs. The motion is unopposed. A hearing is unnecessary, and the Court will decide the motion on the papers. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will grant the motion.

**DISCUSSION**

I. Jurisdiction

    A judgment entered by a court lacking jurisdiction is void. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Therefore, the Court must first determine whether it has jurisdiction over the action and the parties before considering the merits of State Farm's motion.

    State Farm's alleged basis of subject-matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332(a)(1). One requirement of diversity jurisdiction is complete diversity, which

means that no party shares citizenship with any opposing party. See *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).

State Farm is alleged to be a federal savings bank, which the Court presumes is the same as a federal savings association. Compl. ¶ 1. For purposes of diversity jurisdiction, a federal savings association "shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x). State Farm alleges in its complaint that its "place of business" is located in Bloomington, Illinois, but does not allege the location of its home office. Compl. ¶ 1. In response to the Court's show cause order, however, State Farm states that its home office is located in Bloomington, Illinois. Therefore, State Farm is a citizen of Illinois.

State Farm alleges that Sloan is a resident of Michigan. *Id.* ¶ 2. Residence is not equivalent to citizenship, and the two are not interchangeable; an individual's *domicile* determines his citizenship. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). In response to the Court's show cause order, State Farm alleges on information and belief that Sloan is domiciled in Michigan. Therefore, Sloan is deemed a citizen of Michigan. See *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, *including jurisdictional averments*." (emphasis added)).

Since State Farm is a citizen of Illinois and Sloan is a citizen of Michigan, complete diversity exists. Finally, State Farm seeks judgment in the amount of $176,673.90 plus continued accruing interest, Compl. ¶ 16, so the diversity statute's amount-in-controversy requirement is also satisfied. See 28 U.S.C. § 1332(a); *St. Paul Mercury Indem. Co. v. Red*

*Cab Co.*, 303 U.S. 283, 289 (1938). Accordingly, the Court has jurisdiction over the action under 28 U.S.C. § 1332(a)(1).

The Court also has jurisdiction over the parties. State Farm consented to the Court's jurisdiction over it by filing the action here. The Court has jurisdiction over Sloan because he was personally served with the summons and complaint while physically present in Michigan. *See* Mich. Comp. Laws § 600.701(1); *see also* Fed. R. Civ. P. 4(k)(1)(A); *see also Burnham v. Superior Court*, 495 U.S. 604, 619 (1990) (Scalia, J., plurality opinion) (stating that personal jurisdiction obtained by service of process on a person voluntarily present in the jurisdiction satisfies the requirements of the Due Process Clause).

The Court has jurisdiction over the subject-matter and the parties.

II. Default Judgment

Civil Rule 55 provides that a party may seek a judgment by default on a claim not for a sum certain only from the court, not the court clerk. When a party against whom default judgment is sought failed to appear in the action and is not a minor or incompetent, notice of the motion is not required. Fed. R. Civ. P. 55(b)(2). Since Sloan has not appeared and is not a minor or incompetent, notice is not required.

The decision to enter a default judgment lies in the district court's sound discretion, *see Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), which is guided by the following factors: (1) possible prejudice to the plaintiff; (2) the merits of the plaintiff's claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F2d 1470, 1472 (9th Cir. 1986);

3

*see also Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004) (citing *Eitel* and addressing factors (1)-(4)). The Court considers each factor below.

With respect to the first, State Farm would suffer prejudice were the Court to deny its motion and dismiss the action without prejudice. In that event, State Farm's only recourse would be to re-file. It is unlikely that Sloan would answer the complaint the second time around, and State Farm would be in the same situation it is in now. And the longer this case continues without granting State Farm the relief it seeks and permitting it to invoke post-judgment remedies, the more prejudice State Farm suffers as a result. The first factor weighs in favor of entering a default judgment.

The second and third factors — the merits of the claim and the sufficiency of the complaint — also weigh in favor of entering judgment by default. This is a straight-forward action for breach of contract. State Farm alleges that Sloan borrowed money and agreed to repay the loan in 59 monthly installments of $1,560.75 and one final payment of $174,116.55. Compl. ¶ 7. Sloan has failed to make the final payment and the time for doing so has passed. *Id.* ¶ 8. These factual allegations are entitled to truth due to Sloan's default. *See Ford Motor Co.*, 441 F. Supp. 2d at 848 ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true."). The allegations state a claim for breach of contract under Illinois law.[1] *See Hickox v. Bell*, 195 Ill. App. 3d 976, 992 (1990).

Fourth, the amount of money sought is a relatively low amount of money, and the factor weighs in favor of entering a default judgment. Fifth, while it is possible that a

---

[1] The promissory note calls for the application of Illinois law. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007) ("When interpreting contracts in a diversity action, we generally enforce the parties' contractual choice of forum and governing law.") (applying Michigan choice of law rules).

dispute as to the material facts exist, Sloan has forfeited his right to dispute the allegations by not answering the complaint. *See Ford Motor Co.*, 441 F. Supp. 2d at 848. As for the sixth factor, the Court may presume that Sloan's failure to answer the complaint was not a result of excusable neglect given that he was personally served with the complaint. Even assuming he did not have access to an attorney, he had the option of representing himself. *See* 28 U.S.C. § 1654. Finally, while true that public policy favors resolution of cases on the merits, Sloan has prevented a merits-based resolution by not appearing.

Each factor weighs in favor of entering a default judgment.

The final issue is the measure of damages. Civil Rule 55(b)(2) empowers the Court to hold a hearing to determine damages, but a hearing is not necessary in all instances. *See SEC v. Smyth*, 420 F.3d 1225, 1231-32 n.13 (11th Cir. 2005) (noting that an evidentiary hearing on damages is not a "*per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone"). An evidentiary hearing on damages is unnecessary here since the measure of damages is a function of a simple mathematical computation.

In an action for breach of contract, the aggrieved party is entitled to the benefit of the bargain as set forth in the agreement. *See Ferguson v. Pioneer State Mutual Ins. Co.*, 273 Mich. App. 47, 54 (2006). Here, Sloan agreed to make a final payment of $174,116.55, but failed to do so. This final payment amount included both principal and interest payments. As of January 31, 2011, the total amount due (principal and interest) was $176,673.90. According to the unrebutted allegations of State Farm, interest continues to accrue at the rate of $33.35 per day. 121 days have passed since January 31, 2011 (including today), resulting in additional interest in the amount of $4,035.35, and a total outstanding amount

due of $180,709.25 as of today. State Farm is entitled to this amount as the benefit of its bargain.

State Farm also requests payment of its attorneys fees and costs incurred in bringing this action. Its request, however, does not comply with the Federal Rules of Civil Procedure or this District's Local Rules and must be denied at this time. *See* Fed. R. Civ. P. 54(d)(2); E.D. Mich. LR 54.1.2. State Farm has 28 days to renew its motion for attorneys fees and related non-taxable expenses. *See* E.D. Mich. LR 54.1.2(a).

**WHEREFORE**, it is hereby **ORDERED** that State Farm's motion for default judgment (docket no. 10) is **GRANTED.** Judgment will be entered separately.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 31, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager